On petition for reconsideration filed May 29, reconsideration allowed; former opinion (256 Or App 242, 301 P3d 427) modified and adhered to as modified September 11, 2013, petition for review denied January 16, 2014 (354 Or 699)

In the Matter of E. L. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. H.,
*Appellant.*

Marion County Circuit Court
J110073;
Petition Number 020311HAR1;
A152286

310 P3d 671

Peter Gartlan, Chief Defender, and Kimberlee Petrie Volm, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, for response.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Mother seeks reconsideration, requesting that this court "disavow several of its factual findings and to reconsider several of its legal conclusions in light of the applicable rules of law." In particular, mother requests reconsideration of our "factual findings" that (1) the juvenile court took judicial notice of the record of the permanency hearing in denying mother's request for a hearing; and (2) the juvenile court relied upon the record of the prior permanency hearing in ruling that the department had met its evidentiary burden under ORS 419B.366. Mother also asks us to reconsider our determinations that the July 19, 2012, hearing satisfied the hearing requirement in ORS 419B.366 and that the Department of Human Services (DHS) met its evidentiary burden to prove all four elements of guardianship.

We grant reconsideration to correct our statement that the juvenile court took "judicial notice of the permanency hearing record." The court did not, in fact, take judicial notice of the permanency hearing record, but merely stated that "[t]he court has considered: * * * the court record of the contested permanency proceedings in February and March 2012." Accordingly, we disavow our statement that the juvenile court took judicial notice of the permanency hearing record.

Nevertheless, that change does not affect our disposition. The larger point of that discussion was to clarify that the court's determination that E could not be returned to mother in a reasonable time was not based solely on the affidavit of DHS's counsel—as mother contended it was. Rather, the court, when making its reasonable time determination, also relied upon mother's offer of proof and the trial court file, which included the determinations incorporated in the permanency judgment as to reasonable time. Accordingly, our misstatement that the court took "judicial notice" does not alter our conclusion that mother was incorrect to suggest that the only evidence in the record to support the court's determination on reasonable time was the affidavit.

Reconsideration allowed; former opinion modified and adhered to as modified.